UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


WENDELL CRAWFORD,

                  Petitioner,                    Case No. 2:10-cv-108

v.                                               Honorable Robert Holmes Bell

JEFFREY WOODS,

                  Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it is an abuse of the writ.

**Factual Allegations**

Petitioner presently is incarcerated at Kinross Correctional Facility. He was convicted of second-degree murder, Mich. Comp. Laws § 750.317, in Cass County Circuit Court. He was sentenced to life imprisonment on November 26, 1976. He appealed his conviction in 1976 and it was affirmed on June 15, 1979. He then sought leave to appeal to the Michigan Supreme Court, which was denied in 1979.[1] (Am. Pet., Page ID #80, docket #4.)

On November 4, 2008, he filed a motion for relief from judgment arguing that he was entitled to a new trial because his prior convictions (from 1956-1962), which had been admitted at his trial, were vacated in 2008 and 2009. Petitioner's Michigan Court Rule 6.500 motion was denied. He sought leave to appeal from the Michigan Court of Appeals and Michigan Supreme Court and was denied on October 28, 2009 and March 29, 2010, respectively.

Petitioner filed a habeas petition in 1986 in the Eastern District of Michigan. *See Crawford v. Foltz*, No. 2:86-cv-73787 (E.D. Mich.) It was dismissed with prejudice on June 5, 1987. He filed the instant petition for habeas relief with this Court on June 7, 2010, attacking his 1976 conviction.

**Discussion**

Petitioner filed a prior habeas petition that was denied on the merits. If Petitioner's first habeas action had been filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), the instant petition would be subject to "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d

---

[1]Petitioner lists only the year in paragraph 9 of his petition. He does not provide a docket number or other information that would allow the Court to determine the exact date of the Michigan Supreme Court's denial of Petitioner's application.

844, 852 (6th Cir. 2007). Under that provision, before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).

However, when, as here, the prior habeas action was filed before the 1996 enactment of the AEDPA, the second or successive provision does not apply. *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Rather, this Court must consider whether the second or successive petition would have survived under the pre-AEDPA "abuse of the writ" standard. *Id.* That standard does not require authorization from the court of appeals. *Id.*

The "abuse of the writ" standard "allows a second motion containing a new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom.'" *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997) (quoting *McClesky*, 499 U.S. at 494), *cited in Cress*, 484 F.3d at 852. In making the cause determination, the habeas court must decide "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McClesky*, 499 U.S. at 498. To show cause, a petitioner must demonstrate that, at the time he filed his first habeas petition, he conducted "a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . . ." *Id.* In order to show prejudice, "a petitioner must establish a constitutional error . . . [that] had a 'substantial and injurious effect or influence in determining the

jury's verdict.'" *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

In the instant habeas petition, Petitioner raises one ground for relief:

> THE PROSECUTOR'S USE OF PRIOR UNCOUNSELED AND VOID CONVICTIONS, AS REBUTTAL EVIDENCE FOR PURPOSES TO REBUT PETITIONER'S INSANITY DEFENSE DEPRIVED PETITIONER OF DUE PROCESS OF LAW WHERE THEIR USE MIGHT WELL HAVE INFLUENCED THE OUTCOME OF THE CASE, WHEN THE PROSECUTOR AT CLOSING ARGUMENT TOLD THE JURY "I ASK YOU WHEN YOU GO TO THE JURY ROOM AND YOU CONSIDER YOUR DELIBERATIONS, AND YOU'RE DECIDING OR TRYING TO ARRIVE AT A CONCLUSION ON THE QUESTION OF INSANITY, IF YOU GET THAT FAR, WHAT DOES MR. CRAWFORD'S HISTORY SHOW?

(Am. Pet., Page ID #86.) Petitioner cannot show cause for failing to raise this claim in his first petition. Petitioner's uncounseled convictions were not vacated until 2008 or 2009. However, *Gideon v. Wainwright,* 372 U.S. 335 (1963), which established the right of indigents to state-provided counsel, was decided thirteen years before Petitioner's conviction. In addition, *United States v. Tucker*, 404 U.S. 443 (1972) also held that the defendant's case was properly remanded for re-sentencing when a district judge had given explicit consideration of defendant's prior convictions obtained in violation of *Gideon* and it appeared that the sentence may have been different if the sentencing judge knew that the previous convictions were unconstitutionally obtained.

Petitioner knew at the time he filed his first petition that the prior convictions were uncounseled. Moreover, Petitioner essentially raised this claim in his first application for habeas relief. According to the opinion denying Petitioner's first habeas petition, "Petitioner's third habeas claim is that he was denied due process and a fair trial when reference was made to Petitioner's prior criminal record by the prosecutor's rebuttal reports." *Crawford v. Holtz,* No. 2:86-cv-73787 (June

5, 1987 Op. at 9-10, docket #19). Petitioner also alleged "that the reference to his prior criminal conduct were not relevant and were without probative value because they were unconstitutionally obtained." *Id.* at 10. Petitioner, in fact, appealed his sentence and it was remanded for a hearing under *Tucker*. The court also addressed Petitioner's implied claim of prosecutorial misconduct for questioning the witnesses about the prior convictions. *Crawford v. Holtz,* No. 2:86-cv-73787 (June 5, 1987 Op. at 12, docket #19.) Because the record amply demonstrates that Petitioner possessed a sufficient basis to allege his claim in the first petition, he cannot show cause for any failure to raise his current habeas ground in that petition. Moreover, because it is apparent that Petitioner's claim was in fact considered in his first petition, he cannot show the necessary prejudice. Therefore, the instant petition constitutes an abuse of the writ, and it will be dismissed.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it is an abuse of the writ.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat

anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   August 16, 2010                          /s/ Robert Holmes Bell
                                                  Robert Holmes Bell
                                                  United States District Judge